UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

REBA LEE ATHENS LUND, on behalf of minor C.J.A.A. and minor R.E.A.,

Plaintiff,

v.

JAMIE MACOE ATHENS, et al.,

Defendants.

CASE NO. 2:26-cv-02105-JHC

ORDER

Before the Court is Plaintiff's Complaint (Dkt. # 8) and Motion to Appoint Counsel (Dkt. #9).

Plaintiff, who is proceeding pro se and in forma pauperis, filed this action on behalf of minors C.J.A.A and R.E.A. against several defendants. *See* Dkt. ## 1, 7, 8. It is difficult to understand what Plaintiff is arguing in her complaint, as there is no coherent description of facts or legal claims.

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants immune from such relief, the court must dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Even construing Plaintiff's claims liberally, she fails to state a claim. The complaint does not include a coherent description of the relief Plaintiff seeks nor any specific facts showing she would be entitled to relief. Given these deficiencies, Plaintiff has not stated a claim for which relief may be granted.

Additionally, because Plaintiff has not shown that exceptional circumstances warrant appointment of counsel in this civil case, the Court denies her motion to appoint counsel.

There is no right to counsel in civil actions. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). A court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only if there are "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [their] claims *pro se* in light of the complexity of the legal issues involved."

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). Plaintiff has not shown that extraordinary circumstances warrant appointment of counsel, as she has not sufficiently stated a claim, and therefore has not shown the likelihood of success on the merits.

Accordingly, the Court DISMISSES Plaintiff's Complaint (Dkt. # 8) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS Plaintiff leave to amend, if she wishes, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice. The Court DENIES Plaintiff's Motion to Appoint Counsel. Dkt. # 9.

DATED this 22nd day of September, 2026.

John H. Chun
United States District Judge